SAMUEL GUTIN and Another, Copartners Doing Business under the Firm Name and Style of GUTIN & BERNSTEIN, Plaintiffs, *v.* MICHAEL A. DUPPER and Others, Individually, and as Copartners Doing Business under the Firm Name and Style of MICHAEL A. DUPPER & Co., Defendants.

Supreme Court, Kings County, May 29, 1934.

*Philip F. Rosenberg*, for the plaintiffs.

*Smith, Reiher & Griffin* [*Dominic B. Griffin* of counsel], for the defendants.

FURMAN, J. This is a motion to set aside a verdict rendered by a jury in favor of the plaintiffs and granting the defendants a new trial because of a certain alleged irregularity in the conduct of one of the court officers in conversing with the jury while they were

deliberating in the jury room. The attorneys for the defendant claim that some eighteen days after the jury had rendered its verdict one of the trial jurors came to their office voluntarily and disclosed the fact that the jury had asked for further instructions and that a court attendant had come to the jury room and informed them that inasmuch as they had heard the court's charge they knew what they could do, and further that they must find a verdict for all or nothing. The court officer is further quoted in the sworn affidavit of said juror as asking the jury why they were taking so long to decide the case, and inasmuch as the case was not difficult it could be decided within ten minutes. The court officer has denied making these statements, other than to say that he told the jury that they had heard the court's charge and knew what they could do.

I do not think that the facts warrant the granting of a new trial. The charge of alleged improper conversation between the officer and the jury does not impress me as having merit. I am of the opinion that the use of a juror's affidavit on a motion of this kind is improper as it tends to impeach the verdict of the jury of which this juror was a member. Nevertheless, for the sake of discussion and taking the affidavit for what it is worth, I find that it utterly fails to show that the alleged irregularities complained of influenced the verdict of the jury in any way.

Furthermore, I am inclined to believe the court officer, and such statements which he has admitted making do not in any sense constitute harmful error which warrant the court disturbing the verdict rendered by the jury.